**UNITED STATES of America,
Plaintiff–Appellee,**

**v.**

**Deljuan PRETTYMAN, Defendant–
Appellant.**

**No. 08–14883
Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

May 4, 2009.

Joyce White Vance, Jeffrey M. Anderson, U.S. Attorney's Office, Birmingham, AL, for Plaintiff–Appellee.

Deljuan Prettyman, Beaumont, TX, pro se.

Before BLACK, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Deljuan Prettyman, proceeding *pro se,* appeals the district court's denial of his motion for a reduced sentence pursuant to 18 U.S.C. § 3582(c)(2), in which he raised Amendment 706 to the United States Sentencing Guidelines, which reduced base offense levels applicable to crack cocaine. The district court denied Prettyman's § 3582(c)(2) motion, concluding that he was ineligible for a sentence reduction because he was sentenced to a statutory minimum term of 240 months' imprisonment under 21 U.S.C. § 841(b)(1)(A). On appeal, Prettyman argues that the district court erred in finding that he was ineligi-

ble for a § 3582(c)(2) reduction because the district court, during his original sentencing, did not conduct a hearing on the government's information filed pursuant to 21 U.S.C. § 851. He contends that the district court's failure to hold the hearing in compliance with § 851 led to the erroneous use of a prior state conviction to enhance his sentence. Prettyman argues that these errors prevented him from being eligible for a sentence reduction under Amendment 706.

"We review *de novo* a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." *United States v. James,* 548 F.3d 983, 984 (11th Cir.2008) (per curiam). A district court may modify a term of imprisonment in the case of a defendant who was sentenced to a term of imprisonment based on a sentencing range that subsequently has been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). Any reduction, however, must be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* The applicable policy statements, found in Guidelines § 1B1.10, provide that a sentence reduction is not authorized under § 3582(c)(2) if "[a]n amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." U.S. SENTENCING GUIDELINES MANUAL § 1B1.10(a)(2)(B). The commentary elaborates that a reduction is not authorized if an applicable amendment does not lower a defendant's applicable guideline range "because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)." U.S. SENTENCING GUIDELINES MANUAL § 1B1.10, cmt. n. 1(A). Guidelines § 5G1.1 provides that "[w]here a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence." U.S. SENTENCING GUIDELINES MANUAL § 5G1.1(b).

Here, the district court did not err in determining that Prettyman, who was sentenced to a statutory minimum term of 240 months' imprisonment under § 841(b)(1)(A), was not eligible for a sentence reduction because his sentence was not affected by Amendment 706. *See* U.S. SENTENCING GUIDELINES MANUAL § 1B1.10, cmt. n. 1(A); *United States v. Williams,* 549 F.3d 1337, 1342 (11th Cir.2008) (per curiam) (holding that a defendant was not eligible for a sentence reduction under Amendment 706 because he "was subject to a statutory mandatory minimum sentence that replaced his original guideline range ..."). Furthermore, we decline to review Prettyman's argument that the district court failed to comply with the procedural requirements of § 851 during his original sentencing proceedings because that argument is outside the scope of the § 3582(c)(2) proceeding. *See United States v. Bravo,* 203 F.3d 778, 781–82 (11th Cir.2000) (declining to address an Eighth Amendment argument raised in a § 3582(c)(2) proceeding because § 3582(c)(2) "does not grant to the court jurisdiction to consider extraneous resentencing issues ...").

Upon our review of the record and the parties' briefs, we discern no reversible error. Accordingly, we affirm.

**AFFIRMED.**